ERNEST OELFKE v. HUDSON AND MANHATTAN RAILROAD COMPANY.

Decided December 9, 1926.

Negligence—Injury to Employe of Railroad Engaged in Interstate Commerce—Complainant Alleged Accident Happened Because of Lack of Proper Safety Appliances as Required by Federal Statute—Proof Showed Automatic Couplings Were Not Used—Held, That Complainant was Within Federal Statute Which Provided That Employe Shall Not be Held to Have Assumed Risk of Employment Where Common Carrier was Violating Statute—Other Alleged Errors Overruled.

On appeal from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff-respondent, *Alexander Simpson*.

For the defendant-appellant, *Collins & Corbin*.

PER CURIAM.

The plaintiff was an employe of the defendant, at its terminal at Thirty-third street, New York City, and brought suit for damages under the Federal Employers' Liability act for injuries received while coupling defendant's cars. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed.

The first contention is that the trial judge erroneously refused to direct a verdict in favor of the defendant, upon the ground that there was no evidence of any alleged negligence which was the proximate cause of the injury. The complaint alleged, *inter alia,* that the accident happened because of the failure of the defendant to supply proper and sufficient instrumentalities, drawheads, links, bars, &c. The Federal Safety Appliance act provides that in personal injury actions, based upon the violation of that act, it is not necessary, in order to sustain a recovery thereon, that the plaintiff should cite the statute or expressly invoke its terms. It is enough if he set out facts from which it may be inferred that a violation of that statute resulted causing the damage in question.

The Safety Appliance act requires railroad companies to use automatic couplings, and the proofs showed that there was no such coupling on the cars between which the plaintiff was crushed, and that because of this fact he was standing in between them for the purpose of attaching the drawbar. The language of the statute is that "it shall be unlawful for any such common carrier to haul or permit to be hauled or

used on its line any car used in moving interstate traffic not equipped with couplers, coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of cars." Because of the failure of the defendant to comply with this statute the accident occurred.

The next contention is that there should have been a direction of a verdict, because the plaintiff assumed the risk of the injury which he received. The federal statute provides that "in any action brought against any common carrier, under or by virtue of any of the provisions of this act to recover damages for injuries to any of its employes, such employe shall not be held to have assumed the risk of his employment in any case where the violation of such common carrier of any statute enacted for the safety of employes contributed to the injury of such employe." Manifestly, this contention is without merit. *Parker* v. *Atlantic City Railroad Co.*, 87 *N. J. L.* 148.

It is next argued that the trial judge erred in submitting to the jury the question as to whether or not the defendant was liable for a violation of the Safety Appliance act. The court's action in that respect, in view of the provisions of the act cited, was correct.

It is contended that the trial court erred in instructing the jury on the question of assumption of risk, and in refusing the defendant's requests to charge on that subject. What has been said as to the requirements of the federal legislation makes it manifest that the charge of the court, in consonance with the provisions of that legislation, was correct, and that the refusal of the court to charge the requests, based upon a contrary conception of the law, was proper in view of the determination of this court and the Court of Errors and Appeals to that effect. *McDonald* v. *Central Railroad*, 88 *N. J. L.* 11; *affirmed*, 89 *Id.* 251; *Steidler* v. *Pennsylvania Railroad Co.*, 94 *Id.* 197; *Swank* v. *Pennsylvania Railroad Co.*, *Id.* 546; *Cork* v. *Lehigh Valley Railroad*, 98 *Id.* 143.

The judgment will be affirmed.